IN THE UNITED STATES DISTRIC COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dona M. Fry, | Civil Action No.  3:24-cv-05148-MGL    |
| Plaintiff, | |
| v. | **COMPLAINT** |
| United State of America, | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

Upon information and belief, Plaintiff respectfully alleges and will show that:

1. This action is brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., 28 U.S.C. § 1331, and 28 USC § 1346(b).

2. Plaintiff has complied with all requirements of the Federal Tort Claims Act for the timely filing of claims.

3. Plaintiff, Dona M. Fry, is a citizen and resident of Lexington County, South Carolina.

4. The United States Postal Service is, and was at all times relevant herein, a governmental agency of Defendant United States of America.

5. Pursuant to the Requirements of the Federal Tort Claims Act, Defendant United States of America is the properly named defendant in this lawsuit.

6. Once served with process, Defendant is subject to the jurisdiction and venue of this Court.

7. This action involves a crash that occurred in Lexington, South Carolina, County of Lexington.

8. Pursuant to 28 U.S.C. Section 1391(b)(2) and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Lexington County and the United States of America is the Defendant.

9.   On or about January 15, 2023, Plaintiff was driving South on Park Road in a 2015 Acura approaching the intersection of Park Road and Dupre Mill Road in Lexington, South Carolina.

10. On the same date and at the same time, Michelle Moni Livingston was driving West on Dupre Mill Road in a United State Postal Service vehicle.

11. Ms. Livingston disregarded the stop sign where Dupre Mill Road intersects with Park Road, pulled out in front of Plaintiff, causing Plaintiff to collide with the left side of the USPS truck.

12. Plaintiff had the right of way and had no traffic control device at said intersection.

13. The United States Postal Service employee had a stop sign at said intersection.

14. At all times relevant, the driver of the United States Postal Service vehicle was an agent or employee of the United States Postal Service, an agency of Defendant United States of America, and acting within the course and scope of her employment with the United States Postal Service and with permission from the United States Postal Service.

15. The impact caused personal injuries to Plaintiff and her vehicle was a total loss.

16. The United States Postal Service employee failed to yield the right of way in violation of S.C. Code Ann. § 56-5-2310, constituting negligence *per se*.

17. The United States Postal Service employee failed to stop at the stop sign in violation of S.C. Code Ann. § 56-5-0950, constituting negligence *per se*.

18. Defendant owed other drivers on the roadway, including Plaintiff, a duty to exercise ordinary care.

19. That on February 8, 2024, Plaintiff properly submitted a correctly completed claim Form 95 based on the allegation herein in the amount of $265,271.00 to the United States Postal Service.

20. As a direct and proximate result of Defendant and Defendant's employee's negligent, grossly negligent, negligent *per se*, careless, reckless, and willful, wanton acts and omissions, Plaintiff suffered physical harm and injuries to her back, neck, right hand, right hip, head, and to

other parts along with anxiety and nervousness which have caused and will in the future cause her to undergo physical pain and suffering, mental anguish, emotional distress, permanent injury, and permanent impairment of health and bodily efficiency.  Furthermore, Plaintiff's injuries have caused and will in the future cause her to have to spend money for medical services.

21. As a direct and proximate result of Defendant and Defendant's employee's negligent, grossly negligent, negligent *per se*, careless, reckless, and willful, wanton acts and omissions, Plaintiff's vehicle was damaged beyond repair and she lost the use of her vehicle.

22. Defendant and Defendant's employee violated the duties of care owed to Mrs. Golden and was careless, negligent, grossly negligent, reckless, willful, wanton, and/or acting in violation of the laws of this State at the time and place mentioned above, in the following particulars:

   a.  In failing to maintain a proper lookout;

   b.  In driving too fast for conditions;

   c.  In being inattentive and/or allowing herself to become distracted from her driving;

   d.  In failing to take evasive action so as to avoid striking Plaintiff's vehicle;

   e.  In failing to safely and appropriately apply her brakes;

   f.  In failing to sound her horn;

   g.  In failing to yield the right of way;

   h.  In failing to stop at a stop sign;

   i.  In violating various statutes, codes, United States Postal Service requirements, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by Defendant's conduct;

   j.  In driving said vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highway at the time and place aforesaid;

   k.  In failing to use that degree of care and caution that a reasonably prudent person would have used under the same or similar circumstances; and

l.   In such other particulars as the discovery process and evidence at trial may show.

23. The Defendant is responsible for the actions of its agent, service, employee, under the doctrine of *respondeat superior*.

24. All of which were a direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the statutory and common laws of the State of South Carolina.

25. As a direct and proximate result of the aforementioned careless, negligent, grossly negligent, reckless willful, and/or wanton acts and/or omissions of the Defendant, Plaintiff is informed and believes that she is entitled to judgment in this matter in a sum to be determined by a jury.

WHEREFORE, Plaintiff prays for the following relief:

i. Judgment against Defendant for actual damages in an amount of $265,271.00;

ii. For the costs of this action; and

iii. For such other and further relief as this court deems just and proper.

**McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

s/Christopher M. Cunningham
Christopher M. Cunningham, Esquire
Federal Bar No. 12383
2437 Mineral Springs Road
Lexington, South Carolina 29072
P: (803) 359-5523
F: (803) 996-9080
E: Chris@mcwhirterlaw.com
***Attorney for the Plaintiff***

Lexington, South Carolina
September 18, 2024